**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ROBERT WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 11-448-GPM |
| | ) | |
| DR. FEINERMAN and JEANNETTE | ) | |
| COWAN, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Robert Williams ("Plaintiff"), an inmate in Menard Correctional Center, brings this suit for

deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  Plaintiff is serving a twenty-

five year sentence for criminal sexual assault, and five years for aggravated battery.  This case is

now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A,

which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon
> as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress
> from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or
> dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted;
> > or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a pro se complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**<u>The Complaint</u>**

Plaintiff injured his left middle finger on May 11, 2009, in a fight with another inmate.  The finger became caught in a handcuff chain and was bent, twisted, and dislocated, causing extreme pain.  Plaintiff claims his medical records showed a tendon was "destroyed" by this injury (Doc. 1, p. 5).

On May 13, 2009, Plaintiff saw Defendant Feinerman (the prison medical director and physician), who ordered x-rays.  Defendant Feinerman and another doctor determined the finger was not broken, and told Plaintiff it was all right.  However, Plaintiff describes the finger as having been abnormally bent back in a "diving board shape" (Doc. 1, p. 6).  Plaintiff requested Defendant

Feinerman to get him surgery and physical therapy for the finger, but Defendant Feinerman said he did not need either treatment.  He then grabbed Plaintiff's finger and snapped it straight.

By May 27, 2009, the finger had bent back into the "diving board" shape.  After Plaintiff requested medical attention, he was seen by an orthopedic specialist on June 8, 2009, who recommended surgery.

Plaintiff's surgery was performed at an outside facility by Dr. Young, on June 26, 2009.  Dr. Young sent a letter to Defendant Feinerman requesting post-operative physical therapy for Plaintiff.  However, Defendant Feinerman denied Plaintiff any physical therapy.  In addition, he was suffering from pain after the operation, and states he received no further pain medication after he ran out of the drugs given to him by Dr. Young.  Eventually, Plaintiff's finger went back to the way it was before the surgery.[1]

Plaintiff also names Jeannette Cowan (grievance officer) as a Defendant.  He seeks compensatory and punitive damages.

**<u>Discussion</u>**

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition."  *Estelle,* 429 U.S. at 106.  *See also Sanville v. McCaughtry,* 266 F.3d 724, 734

---

[1]  Plaintiff's finger required another round of surgery in February 2010, which is the subject of a separate action filed by Plaintiff in this Court, *Williams v. Fahim*, Case No. 11-cv-447-GPM (S.D. Ill., filed May 25, 2011).

(7th Cir. 2001).

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago Cnty.*, 165 F.3d 587, 590 (7th Cir. 1999).  Deliberate indifference involves a two-part test.  The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).  However, the Supreme Court stressed that this

test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate;  it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm . . . . Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the

denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless

disregard for, a substantial risk of harm.  *See Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000)

(officers were on notice of seriousness of condition of prisoner with ruptured appendix because he

"did his part to let the officers know he was suffering").  The Circuit also recognizes that a

defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the

level of an Eighth Amendment constitutional violation.  *See Duckworth v. Ahmad*, 532 F.3d 675,

679 (7th Cir. 2008); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (courts will not take

sides in disagreements with medical personnel's judgments or techniques).  However, a plaintiff

inmate need not prove that a defendant intended the harm that ultimately transpired or believed the

harm would occur.  *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002) (discussing *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996)).

In the instant case, Plaintiff's complaint meets the objective element of an Eighth Amendment claim.  He had a serious medical condition in that he had sustained an injury to his finger that required corrective surgery.  *See Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997).  Furthermore, according to the surgeon, he needed follow-up therapy to ensure the success of the surgery.  Thus, the key question is whether Defendant Feinerman's failure to order the recommended physical therapy amounted to deliberate indifference.

With respect to the subjective element of an Eighth Amendment claim, the Seventh Circuit has frequently noted that "medical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim."  *Gutierrez*, 111 F.3d at 1374.  *See also Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("Mere negligence or even gross negligence does not constitute deliberate indifference.").

Plaintiff asserts that Defendant Feinerman was informed in a letter from Dr. Young that Plaintiff needed physical therapy in order for his finger to recover.  Plaintiff's medical records also include a follow-up note from Dr. Young dated July 20, 2009, stating he "recommend[s] aggressive therapy & reverse knuckle bender splint" (Doc. 1-1, p. 16).  However, Plaintiff never received any physical therapy, his finger returned to the condition it was in prior to the surgery, and another surgery was necessary.

Where a prison doctor is aware of express post-operative instructions regarding an inmate's medical care, but deliberately disregards them, a fact-finder may conclude that the doctor had sufficient knowledge of the risk of harm to sustain a deliberate indifference claim.  *See Gil v. Reed*,

381 F.3d 649, 662-64 (7th Cir. 2004) (prison doctor prescribed Tylenol despite surgeon's express warning to avoid that medication); *Jones v. Simek*, 193 F.3d 485, 490 (7th Cir. 1999) (prison doctor refused to follow specialists' instructions regarding inmate's treatment).

On the other hand, the evidence may ultimately show that Defendant Feinerman's failure to order physical therapy as requested by Plaintiff's surgeon did not amount to a conscious disregard of a known risk to Plaintiff's health, and instead was mere negligence or malpractice. At this stage of the litigation, the Court cannot make a final determination as to this subjective element of the claim. However, Plaintiff's allegations of deliberate indifference are sufficient to survive preliminary review under § 1915A.

In addition, Plaintiff's claim that he was denied pain medication may rise to the level of deliberate indifference. The existence of chronic and substantial pain constitutes a serious medical condition, *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997), and the knowing denial of pain medication may be an Eighth Amendment violation. However, as stated above, a negligent failure to provide pain relief would not be actionable as a civil rights claim. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Because Plaintiff's allegations indicate that Defendant Feinerman may have been deliberately indifferent to his medical needs, the claim against this Defendant shall receive further consideration.

### Defendant Cowan

Although Plaintiff names Jeannette Cowan as a Defendant in the caption of his complaint, the body of his pleading is devoid of any allegations against her. Thus, the Court is unable to ascertain what claims, if any, Plaintiff has against Defendant Cowan.

The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint.  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him or her.  Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Because Plaintiff has not listed Defendant Cowan elsewhere in his complaint, he has not adequately stated any claim against her, or put her on notice of any claims that Plaintiff may have against her.  For this reason, Defendant Cowan shall be dismissed from this action without prejudice.

## Pending Motions

Plaintiff's motion for leave to file addendum (Doc.18) states that he wishes to rephrase a statement in "Number 9," relating to events following his March 2010 finger surgery.  That surgery is the subject of a separate action filed by Plaintiff in this Court (*Williams v. Fahim*, Case No. 11-cv-447-GPM, filed May 25, 2011).  The Court cannot discern what statement, in any of Plaintiff's pleadings or other documents, he is referring to in this motion.  Accordingly, the motion is

**DENIED.**

**Disposition**

      **IT IS HEREBY ORDERED** that Plaintiff fails to state a claim upon which relief may be granted against Defendant **COWAN**, therefore, she is **DISMISSED** from this action without prejudice.

      **IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendant **FEINERMAN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

      **IT IS FURTHER ORDERED** that, if the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

      **IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed

a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Donald G. Wilkerson** for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently

investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer

or other change in address occurs.  Failure to comply with this order will cause a delay in the

transmission of court documents and may result in dismissal of this action for want of prosecution.

*See* FED. R. CIV. P. 41(b).


        **IT IS SO ORDERED.**

        DATED: May 18, 2012


                                        s/ *G. Patrick Murphy*
                                        G. PATRICK MURPHY
                                        United States District Judge